IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| FELICIA RHODES, <br>     On behalf of herself and others <br>     similarly situated, <br><br>     Plaintiff, <br><br> v. <br><br> TRUMAN MEDICAL CENTER, INC., <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> No. 4:13-CV-00990-NKL |

**ORDER**

Before the Court are Plaintiff's motion for conditional class certification, Doc. 33, and Defendant's motion to strike the declaration of Felicia Rhodes and integrated suggestions in support, Doc. 49. Plaintiff's motion for conditional certification is granted. Defendant's motion to strike is denied.

**I. Background**

Plaintiff alleges that Defendant violated 29 U.S.C. § 207(a) of the Fair Labor Standards Act (FLSA) by failing to make sure its Community Support Specialists (CSSs) received overtime compensation for working more than forty hours in a week.

Section 207(a)(1) of the FLSA states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in

excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed.

The FLSA provides a remedy for violations "in the amount of . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Truman Medical Center (Truman) employs CSSs to provide support services for clients who are experiencing problems as a result of mental illness. CSSs perform tasks including triage, risk assessments, ongoing assessment of psychosocial needs, discharge planning, information and referral, client and family education, and coordination of services with managed care contacts and/or other service providers.

Prior to June 28, 2013, Truman classified all CSSs as exempt from section 207's overtime requirement based on the "learned professional" exception. 29 C.F.R. § 541.301. To qualify as a learned professional exempt from overtime pay, the Code of Federal Regulations requires the following:

> (a) To qualify for the learned professional exception, an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. This primary duty includes three elements:
> (1) The employee must perform work requiring advanced knowledge;
> (2) The advanced knowledge must be in a field of science or learning; and
> (3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

As of June 29, 2013, Truman reclassified some of its CSS employees. Truman reclassified CSSs who did not have a degree in psychology or social work as nonexempt.

2

CSSs holding degrees, however, were given the new title "recovery coach" and continued to be classified as exempt. Plaintiff contends that this classification and Truman's policy against paying overtime to these employees violates the FLSA.

Plaintiff proposes conditional certification of a class consisting of "all current and former CSSs who worked for the Defendant at any point in the past three years[1] to the Present." Doc. 3, p. 6. In support of her motion, Plaintiff submitted portions of a deposition of Jacqueline McKenzie, a Truman employee working in Compensation and Benefits, and a declaration of Plaintiff Felicia Rhodes stating that she had never been paid overtime while employed as a CSS at Truman. Ms. McKenzie's deposition describes Truman's classification policies for CSSs prior to and post June 2013. Doc. 33-1. In Rhodes' declaration she states (1) she worked as a CSS at Truman from November 2012-July 2013, (2) she worked overtime hours without pay while at Truman, (3) she was never told to record her time for the purposes of compensation, and (4) while at Truman she learned that other CSSs were not paid for their overtime hours. Doc. 44-1.

## II.  Discussion

### A.  Defendant's Motion to Strike

Defendant argues that the declaration of Felicia Rhodes, Doc. 44-1, should be stricken from the record as Plaintiff submitted the declaration with her reply brief, rather than with her original motion for class certification. Doc. 49. For the reasons set out below, Defendant's motion to strike is denied.

---

[1] Plaintiff contends that Defendant committed a "willful" violation of the FLSA, such that the applicable statute of limitations is three years rather than two. 29 USC § 255(a).

In Plaintiff's motion for conditional class certification, she submitted transcribed portions of a deposition of Jacqueline McKenzie, describing the policy that governed all CSS compensation. Doc. 33-1. This policy did not provide for overtime pay for CSSs who worked more than forty hours in a week. In its response to Plaintiff's motion, Defendant contended that evidence of this policy was insufficient to justify conditional class certification because Plaintiff presented no additional evidence of any CSSs who actually worked more than forty hours in a week without pay. Doc. 43, p. 6. In response to Defendant's contention, Plaintiff submitted the declaration of Felicia Rhodes, which states that she and other CSSs worked overtime without compensation.

"'Conditional certification at the notice stage generally requires nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan.'" *Kennedy v. Boulevard Bank*, 2012 WL 3637766, at *2 (E.D. Mo. 2012) (citations omitted). The Court does not reach the merits of a plaintiff's allegations at the conditional class certification stage. *Kautsch v. Premier Communication*, 504 F.Supp.2d 685, 690 (W.D. Mo. 2007).

Plaintiff alleged in her motion for conditional certification that "all CSSs . . . were not paid [] overtime compensation for hours worked over 40 in a workweek." Doc. 33, p. 14. Plaintiff's complaint also states an FLSA violation. Doc. 1. Because it was not necessary for Plaintiff to present evidence to support her request for conditional certification, Plaintiff's affidavit is only a response to Defendant's arguments in opposition to class certification. Further, Defendant has identified no prejudice it will

4

suffer as a result of the order in which this evidence was presented. For example, Defendant does not request an opportunity to file a sur reply.

Defendant's contention that the declaration is not based on Rhodes' personal knowledge is not supported by the record. Though Rhodes does not have personal knowledge of how many hours were worked by other CSSs, as stated in her deposition, in her declaration Rhodes attested only to having personal knowledge of the fact that CSSs worked overtime without pay.

### B. Conditional Certification

Plaintiff brings her motion for conditional certification under the collective action provisions of the FLSA, 29 USC § 216(b). Under this provision, "[a]n action to recover [FLSA liability] . . .may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Though the Eighth Circuit has not put forth a standard for determining whether plaintiffs are similarly situated, district courts in the circuit generally follow a two stage certification process: (1) the conditional certification or notice stage and (2) the opt-in or merits stage. *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005); *Meriwether v. Beverly Hills Liquor & Grocery Inc.*, 2014 WL 200355, at *3 (E.D. Mo. 2014). "At this early stage of the litigation, the Court does not reach the merits of the Plaintiff's claims. Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.' At the second step of the process, the defendants may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more

informed decision." *Uwaeke v. Swope Community Enterprises, Inc.*, 2013 WL 3467062, at *1 (W.D. Mo. 2013).

The FLSA requirements for conditional class certification differ markedly from class certification rules under Federal Rule of Civil Procedure 23. First, the FLSA provides for an "opt-in" procedure for class membership, rather than the "opt-out" method that generally accompanies Rule 23 certifications. 29 U.S.C. § 216(b), Fed. R. Civ. P. 23(c)(3). Second, in determining whether conditional certification is appropriate under the FLSA the Court is to apply a "lenient standard" that requires only a "modest" factual showing. *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007); *Boyd v. Jupiter Aluminum Corp.*, 2006 WL 1518987, at *3 (N.D. Ind. 2006). The "substantial allegations" required by the FLSA are much less than the intensive inquiry set out in Rule 23. *Greenwald v. Phillips Home Furnishings Inc.*, 2009 WL 259744, at *4 (E.D. Mo. 2009). However, "plaintiffs must present more than mere allegations . . . some evidence to support the allegations is required." *Young v. Cerner Corp.*, 503 F.Supp.2d 1226, 1229 (W.D. Mo. 2007).

Plaintiff has submitted sufficient evidence to justify conditional certification of the class. The deposition of Jacquelyn McKenzie clearly sets out a policy under which CSSs at Truman were not to be compensated for any overtime hours worked. Doc. 33-1, p. 8, 14-21. "The class members have the same job titles, are governed by the same written job description, and were treated the same in terms of whether (or not) they received overtime compensation." *Uwaeke*, 2013 WL 3467062, at *2; *see also Meriweather v. Beverly Hills Liquor & Grocery Inc.*, 2014 WL 200355, at *3 (E.D. Mo. 2014)
6

(distinguishing "evidence of a common policy" from "an unlawful record-keeping system"). "[T]he issue is not whether each class member was identically injured by an illegal policy, but rather [whether all CSSs] were . . . subject to the same policy." *Chapman v. Hy-Vee, Inc.*, 2012 WL 1067736, at *3 (W.D. Mo. 2012). Although not necessary, Rhodes' affidavit that she was not paid overtime and that she knows others who were not paid overtime, provides further evidence of a possible FLSA violation.

Defendant argues that a grant of conditional certification necessitates redefinition of the proposed class because Plaintiff's proposed class includes individuals who did not work for Truman until the CSSs were reclassified in June 2013, and therefore would not have been subject to the policies Plaintiff alleges violated the FLSA. In response, Plaintiff consents to modify the class definition to "all individuals who worked as CSSs in the past three years through June 2013." Doc. 44, p. 3. The proposed modification will include all individuals, regardless of education, who worked as a CSS while the position was classified as "exempt." This modification will accurately narrow the class to those who Plaintiff alleges suffered injury due to Defendant's FLSA policy.

It is not necessary, however, to further limit the class to only those working for Defendant in the past two years. Plaintiff alleges a willful violation of the FLSA, for which the FLSA sets out a three year statute of limitations. Conditional certification should thus extend to those affected by Defendant's policy over the last three years. *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234 (N.D.N.Y. 2002) (when willfulness is disputed, conditional certification of a class including members affected within a three year period preceding class certification is appropriate); *Littlefield v.*

7

*Dealer Warranty Services, LLC*, 679 F.Supp.2d 1014, 1019 (E.D. Mo. 2010) ("[J]udicial economy is served by conditionally certifying a larger, more inclusive class, at this stage in the proceedings. Accordingly, the statute of limitations is a three-year period.").

The Court conditionally certifies the following class: "All individuals who worked as CSSs in the past three years through June 2013."

### C. Notice to Prospective Class Members

#### 1. Proposed Notice Form

Once a court has conditionally certified a class, the plaintiff may proceed to notify putative class members of their right to "opt in" to the pending litigation. Defendant argues that many of the details of Plaintiff's proposed notice forms are misleading to potential class members, and necessitate alteration by the Court. The Court has "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). In response to Defendant's concerns about the content of the notice Plaintiff submitted a revised copy of the proposed notice. Doc. 44-2. Upon review of the document, the Court made additional changes. The Court's approved notice document is filed with this order.

#### 2. Proposed Notice Procedure

Defendant contests Plaintiff's proposed procedure for notifying the putative class of the pending action, as well as the personal information Plaintiff seeks to obtain regarding putative class members.

Plaintiff proposes the following procedure for notifying putative class members about the pending action:

- Mailing notice and consent forms first-class to all employees subject to the described policy
- Posting notice in conspicuous locations where CSSs are employed (including lunch room bulletin boards or bulletin boards where job notices are posted)
- Placing notices in three separate paychecks for each current CSS
- Reminder email notice sent to putative class members 30 days before the 60 day opt in deadline

Defendant objects to Plaintiff's request for email addresses for the putative class members. However, email provides an efficient and cost-effective means of disseminating notice documents and has been endorsed by courts in the past. *Nobles v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 5563444 (W.D. Mo. 2011) ("Email notice is also being used simply as a supplement to notice by first class mail."). Furthermore, the provision of a single reminder notice thirty days before the "opt in" period concludes is appropriate. *Oliver v. Aegis Communications Group, Inc.*, 2008 WL 7483891, at *4-5 (N.D. Tex. 2008) (allowing mailing of reminder notices); *Helton v. Factor 5, Inc.*, 2012 WL 2428219, at *7 (allowing reminder postcard to be sent to potential plaintiffs 30 days before the deadline for opting in to the action). This reminder will help ensure that all putative Plaintiffs are provided an adequate opportunity to "opt in" to the action. Plaintiff is permitted to send this reminder by email.

Plaintiff is also permitted to post notice of the pending suit in conspicuous locations where CSSs are employed, including lunch room bulletin boards or bulletin boards where job notices are posted. Providing notice to putative class members in three consecutive paychecks, however, is both unnecessary and impractical. According to Defendant, Truman employees do not receive paper paychecks; providing notice directly with paychecks that are direct deposited would be unreasonably complicated and burdensome.

Defendant finally objects to Plaintiff's request for putative plaintiffs' phone numbers and the last four digits of their social security numbers. Plaintiff has only demonstrated a need to be provided putative plaintiffs' home addresses and email addresses at this point. In the event of returned notices or other logistical issues with notifying the putative class members, Defense counsel is to work with Plaintiff's counsel to ensure a comprehensive distribution of the notice materials in a timely fashion.

## III. Conclusion

Plaintiff's motion for conditional class certification, Doc. 33, is granted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 23, 2014
Jefferson City, Missouri